UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND


CRIMINAL ACTION NO. 0:04-cr-006-DLB-1

UNITED STATES OF AMERICA,                                                          PLAINTIFF,


v.                                    **MAGISTRATE JUDGE'S**
                                      **REPORT AND RECOMMENDATION**


JEREMY DALE WILSON,                                                               DEFENDANT.

* * * * * * * * *

This matter is before the undersigned on Defendant's *pro se* motion for the Court to "take

judicial notice" of a "new rule of constitutional law" presented by the Supreme Court's decision in

Johnson v. United States, 135 S. Ct. 2551 (2015). [R. 56]. Upon receiving the motion, the Court

noted that it presented a constitutional question most properly construed as a motion under 28 U.S.C.

§ 2255. [See R. 56 at 1]. As it must, the Court notified Defendant that it intended to construe his

motion as such, warning him that "any subsequent § 2255 motion will be subject to the restrictions

on 'second or successive' motions, [so as to] provide the litigant an opportunity to withdraw the

motion or to amend it so that it contains all the § 2255 claims he believes he has." Castro v. United

States, 540 U.S. 375, 382-83 (2003). The Court gave Defendant until April 22, 2016, in which to

withdraw or otherwise amend his motion before the Court construed it as a § 2255 motion. [R. 57].

The Castro deadline has since passed, and Defendant has not withdrawn or amended the

motion. Therefore, the Court construes Defendant's motion [R. 56] as a motion to vacate under §

2255. Because Johnson is inapplicable to his case, the undersigned recommends that Defendant's

1

motion to vacate be denied pursuant to Rules Governing Section 2255 Proceedings 4(b).

## LAW AND ANALYSIS

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must initially examine the § 2255 motion, along with any attached exhibits and the record, and "[i]f it plainly appears . . . that the party is not entitled to relief," the Court must dismiss the motion. Rules Governing Section 2255 Proceedings 4(b). To be entitled to relief in a § 2255 claim, a prisoner-defendant must generally show that, *inter alia*, "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Moreover, no evidentiary hearing is required if the record "conclusively shows" that the defendant's allegations "cannot be accepted as true because they are contradicted by the record." Pola v. United States, 778 F.3d 525, 532-33 (6th Cir. 2015); Arrendondo v. United States, 178 F. 3d 778, 782 (6th Cir. 1999).

Here, from a review of the record, it plainly appears that Defendant is not entitled to relief and his motion to vacate should be denied. Specifically, Defendant's only ground for relief is based on the "newly discovered evidence" of the Johnson decision, in which the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924, violates due process principles because it is unconstitutionally vague. Johnson, 135 S. Ct. at 2563. But upon review of the record it is clear that Defendant's sentence was not enhanced for any previous convictions under the residual clause of the ACCA, as specifically reflected in his plea agreement with the United States. [See R. 14 at 1 ("[T]he United States withdraws . . . the reference to . . . the Armed Career Criminal statute . . . [and] Defendant does not qualify as an armed

career criminal as he does not have three prior violent felonies on his record."]. Simply put, <u>Johnson</u> does not apply to his case, and his motion should be denied.[1]

CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Take Judicial Notice [R. 56], construed as a Motion to Vacate under § 2255, should be **DENIED**.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed May 3, 2016.



Signed By:
*Edward B. Atkins*
United States Magistrate Judge

---

[1]It should also be noted that at sentencing, Wilson was not given a sentence enhancement under Chapter four of the United States Sentencing Guidelines, which contains language nearly identical to the residual clause at issue in the Armed Career Criminal Act. Therefore, he likewise has no claims of a wrongful enhancement under the Guidelines.

3